## Brumby v. Smith.

1. Where a workman agrees to complete the carpenter's work on a house, and to receive a certain sum on the completion of the work—his employer furnishing the materials—and the house and materials were destroyed by fire, without the fault of the workman—the house being in the possession of the employer, *Held*, that the workman could not recover a *pro rata* compensation for the work actually done.

Error to the Circuit Court of Montgomery county.

THIS was an action of assumpsit commenced in the Court below, by the defendant in error against the plaintiff in error.

The declaration contains a special count upon an agreement between the parties, and the common counts. The defendant below demurred to the special count of the declaration, which being overruled by the Court, the jury under the general issue, found a verdict for the plaintiff below. Pending the trial, a bill of exceptions was taken to the opinion of the Court, by which it appears that an agreement between the parties in writing was offered in evidence, by which the defendant in error agreed to complete the carpenter's work on a house of the plaintiff in error, for the sum of four hundred and thirty-seven dollars, to be paid when the work was completed; the materials to be furnished by the plaintiff in error.

It was proved, that a short time before the work might have been completed, the house was destroyed by fire; the materials having been furnished by the defendant below. Evidence was also offered, conducing to show that the defendant below, who was in possession of the house, caused the burning of the house by his neglect.

Upon this testimony, the defendant below moved the Court to charge the jury, that if they believed from the evidence, that the plaintiff had contracted according to the terms of the agreement, and that all the work specified in the agreement had not been done according to its terms, that the plaintiff could not recover for the work actually done by him, unless he had been prevented from the performance of it by the burning of the

house and materials; they must also believe from the evidence, that the burning was occasioned by the acts or neglect of the defendant, or that the plaintiff could not recover for the work actually done ; which charge the Court refused to give, and charged that if the jury believed that a portion of the work had been executed by the plaintiff according to the terms of the contract, by which the defendant was to furnish the materials, that the plaintiff was entitled to recover the worth of the work actually done by him, on the materials so furnished, although the whole of the work specified in the contract, had not been completed ; and under the state of facts above supposed, the circumstance of the burning of the house, or materials before the completion of the work, whether the fire was occasioned by the act or neglect of the defendants, or by any other means, without his agency, could not affect the right of the plaintiff to recover. To the refusal to charge, and to the charge given, the defendant excepted, and now presents the questions of law which arise thereon, to this Court for revision.

GOLDTHWAITE, for the plaintiff in error, insisted that by the contract, the defendant in error was not to be entitled to compensation until he completed the work, unless prevented by the act of the plaintiff in error. He cited 3 Taunt. Rep. 52; 6 Term Rep. 321; 7 ib. 381; 9 Barn. & Cress. 92; 8 East, 438; 2 Salk. 65; Chitty's Con. 273, 9 Mass. 78; 2 Mass. 155; 5 ib. 395; 4 ib. 101; 8 Cowen, 457; 4 Conn, 3; 2 Penn. 454; Chitt. 131–273; 10 East, 530; 2 Camp. 57.

DARGAN, contra, cited Story on Bailments, 285; 3 Burr. Rep. 1892; 2 ib. 882; 3 Johns. Rep. 518.

ORMOND, J.—As no objection was made to the judgment of the Court overruling the demurrer to the first count, we have not thought it necessary to examine it.

It is certainly true, that when by the terms of a contract, a given duty is to be performed, the performance is a condition precedent, and although performance may be prevented by inevitable accident, a *pro rata* compensation cannot be recovered for the services actually performed. Of this principle, the case of Cutter v. Powell, 6 Term Rep. 320, furnishes a full illustration.

The facts were, that Cutter shipped on board a vessel, as second mate, and received from the master the following obligation: "I promise to pay Mr T. Cutter the sum of thirty guineas, provided he proceeds, continues and does his duty as second mate in the ship Governor Parry, from hence to Liverpool." During the voyage, and before the ship arrived at Liverpool, Cutter died, and the action was brought by his administrator, to recover the value of the services actually rendered. The Court held, he could not recover on the ground, that performance was by the terms of the contract, a condition precedent to a recovery, and that it was no answer to the objection that he was prevented by inevitable accident from performing his contract.

So, if a workman undertakes to build a house, to be paid on its completion, he cannot demand payment until he has complied with his contract, by building the house, and if it should be destroyed by inevitable accident, it will be his loss.

In this case, it was contended by the counsel for the defendant in error, that this was distinguishable from the class of cases we have been considering; that it was the hire of labor and services, as the employer was to furnish the materials, and that, "if while the work is doing, the thing perishes by internal defect, by accident or superior force, without any default of the workman, the latter is entitled to compensation to the extent of the labor actually performed."

Judge Story, in his work on Bailment, at page 278, admits that the rule is as above stated, by the civil law, where there is no contract postponing the time of payment to the completion of the work, and such he intimates would be the rule at common law; that such is the rule of law, is shown by the case of Menetone v. Athawes, 3 Burrows' Rep. 1592, which was an action by a ship-wright, for work and labor done, and materials found, in repairing the defendant's ship. The facts were, the ship was in the dock of the plaintiffs, to be repaired, and when only three hours work were wanting to complete the repairs, a fire happened in an adjacent brew house, was communicated to the dock, and the ship was destroyed. The dock belonged to the ship-wright, and the owner of the ship had agreed to pay £5 for the use of it. The plaintiff obtained judgment. In that case, it is to be observed, there was no contract to per-

form the work at a specific price, and the recovery was had on the implied promise to pay the value of the work and labor, and materials furnished. In this case, the defendant in error agreed to complete the carpenter's work on a house of the plaintiff in error; the materials to be furnished by the plaintiff in error, in consideration of which, he agreed to pay the defendant in error four hundred and thirty-seven dollars, "*to be paid when the work was completed.*" A few days before the completion of the work, the house was consumed by fire, whilst the plaintiff in error was in possession.

Here there was an entire contract, and although it was labor to be performed on materials furnished by the employer, yet by its express terms, the labor was not to be paid for until the work was completed; and if this is rendered impossible, without the act of the employer, there can be no recovery for the work actually done.

Mr. Justice Story, after examining this question at some length, comes to the same conclusion. "It would seem (he says) that by the common law, in such a case, independent of any usage of trade, the workman would not be entitled to any compensation; and that the rule would be, that the thing should perish to the employer, and the work to the mechanic; for the contract by the job would be treated as an entirety, and should be completed before the stipulated compensation would be due." Story on Bailment, 278; sec. 426, b. 2d edition.

From these considerations, it appears that the Judge erred in his charge to the jury, and the judgment is, therefore, reversed, and the cause remanded.