## HORACE HUBBARD *v.* GEORGE W. BELDEN.

*Contract for service for an entire term.*

A person employed to labor for an entire term, who is injured and thereby disabled from laboring for a time, may recover for the time he did labor, without returning and offering to complete the remainder of his term after he recovered, if his sickness was of that severity and duration that his employer would not have been then bound to have received him.

His recovery would be limited to the amount of benefit which his employer had derived from his partial service.

BOOK ACCOUNT. On the hearing before the auditor, the following facts appeared. The plaintiff contracted to work for the defendant six months at $12½ per month, and did work for him four months and five days, when he received an injury in his back, which rendered him incapable of labor for a about one week. After this, he performed light work for about one week more, and thence to the end of the six months he was able to perform, and did perform, for others, full work, most of the time at one dollar per day. About one week after the plaintiff quit, the parties met, and the defendant requested the plaintiff to return and finish out his time, which the plaintiff refused to do, owing to his lameness. The defendant was compelled to employ other hands, to finish his haying and harvesting, at wages considerably higher than he was to have paid the plaintiff. The plaintiff made no offer to return to defendant's service, after he became able to work. The right of the plaintiff to recover upon the foregoing facts was submitted to the court, the auditor finding $31.86 as the balance due to the plaintiff if he was entitled to recover, at the contract price, per month, after deducting the actual damages sustained by the defendant; and $57.56 if he was entitled to recover without any such deduction.

The county court, June Term, 1853,—POLAND, J., presiding,— rendered judgment upon the report, in favor of the plaintiff for $31.86 ; to which the defendant excepted.

*E. A. Cahoon* for the defendant.

*T. Bartlett, Jr.* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. This court having decided in *Fenton v. Clark*, 11 Vt., that sickness will so far release a party to a contract to perform labor for an entire term from the performance of his contract, as to enable him to maintain an action to recover for part performance, it only seems to be a question of the character of the indisposition, as to severity and length of time. The sickness in the present case seems to have been sufficiently severe, as it wholly incapacitated the plaintiff from labor; and as it continued unabated for one week, and partially for two weeks, it would seem that the plaintiff was fully justified in regarding it as likely to continue as long, as it did, in fact.

We think it must be regarded as pretty clear that the defendant would be released from any obligation to wait two weeks for his hired man to recover, upon the uncertainty of his then recovering, before he employed other help. And if so, equally should the plaintiff be at liberty to leave for the time, and he would not be bound to return unless the defendant was bound to receive him, which he would not, under the circumstances of this case. He would then be entitled to recover what his part performance of his contract had benefited the defendant. This is now the settled rule in all entire contracts, where a recovery is allowed on the ground of apportionment, and a failure to perform strictly according to the terms of the contract. That was the basis of the recovery in the county court.

Judgment affirmed.