### Joshua Patrick *v*. Christopher C. Putnam.

#### *Contract for service.*

A person contracting to labor for a definite term, who fails to fulfill his contract by reason of sickness, is liable to have the amount of his recovery reduced by the damages sustained by his employer in consequence of his not being able to complete the full term of service.

Neither the legal or equitable rights of the parties under such circumstances are affected by the fact that the sickness was occasioned by the voluntary performance of services for the benefit and at the request of the employer, which were different from those which the employee had contracted to perform.

Book Account. In April, 1854, the plaintiff contracted to labor for the defendant, in taking charge of and tending his circular saw, for the term of one year, at the rate of $14 per month, with the understanding that if he had good reason to be dissatisfied with the defendant, or with the treatment which he should receive from him, he might leave. The plaintiff commenced under his contract and labored thirty-two days, some part of the time in tending the circular saw; but about a fortnight of the time, was spent, at the defendant's request, in rafting logs, in the course of which, he took a cold which settled upon his lungs and rendered him unable to carry out his contract At the end of the thirty-two days he left

the defendant's service solely on account of his ill health ; he was satisfied with the defendant," and with. the treatment he received from him ; and when requested to leave his work in tending the circular saw and assist in rafting the logs he made no objection to doing so. The plaintiff claimed to recover for the thirty-two days' work at the rate of $14 per month, and his claim was allowed by the auditor who reported, in addition to the above facts, that, in consequence of the defendant's being unable to hire another hand as cheap, when the plaintiff left, as he could have done at the time of hiring the plaintiff, his damages from the nonperformance of the contract were more than the amount allowed to the plaintiff. The county court, March Term, 1855,—POLAND, J., presiding,—rendered judgment upon the report in favor of the plaintiff for the amount allowed by the auditor, to which the defendant excepted.

*O. H. Smith,* for the defendant, cited *Dyer* v. *Jones,* 8 Vt. 205. *Gilman et al.* v. *Hall,* 11 Vt. 510, *Hubbard* v. *Belden,* in Caledonia county.

*Merrill & Willard,* for the plaintiff, cited *Fenton* v. *Clark,* 11 Vt. 557. *Seaver* v. *Morse,* 20 Vt, 620. *Jones* v. *Judd,* 4 Comst. 412.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question made in the present case is whether a person contracting to labor for a definite term and who fails to fulfill his contract, by reason of sickness, is liable to have the amount of his recovery reduced, by the damages sustained by the employer, in consequence of his not being able to complete the full term of service.

It is certain that in most analagous cases, where one is allowed to recover for part performance of an entire contract, unless hindered in the performance of his contract, by the other party, or excused by such party, he is liable to such deduction. He is allowed to recover only what his services have benefited the other party, as compared with full performance. The other party is not liable to divide the loss sustained by the innocent misfortune even of the plaintiff. This is so held in the case of clearing land, building wall

and other erections, upon the land of the employer, as decided in the cases cited in argument.

So too, an infant even, who is of course not bound to full per-formance of his contract, and who may abandon it, at any time,, and recover upon a *quantum meruit,* is still held liable to have deducted from his wages, any damages his employer may have sustained, in consequence of not serving the full term stipulated. *Thomas* v. *Dike,* 11 Vt. 273, and subsequent cases.

The English rule, at the present day, will not allow a recovery in a case like the present. The rule, in regard to the necessity of strict performance of such a contract of service, was first relaxed, in this state, in the case of *Fenton* v. *Clark,* 11 Vt. 557. And BENNETT, J. in the opinion in that case, thus explicitly lays down the ground, upon which the recovery, in such a case, should be had. " It is not the object of the law to punish the party for a violation of his contract, but to make the other party good for all damages he may sustain, by such violation. Common justice required the plaintiff should have been allowed to recover so much as the de-fendant has been benefited by the labor, *after deducting any dam-ages he may have sustained by reason of the violation of the con-tract.*"

This, we understand to have been the sole ground upon which any relaxation was made upon this subject. And although I have always thought the strict rule of the English law, upon the subject the most salutary, both for employers and employed, inasmuch as it removes all temptation to make feigned excuses, and specu-lation upon the necessities of others, to falsehood and dishonesty, which are generally a far greater loss to those who are seduced into the practice of them, than to those who are the objects of such practices, and sooner or later are likely to return to plague the inventors ; still I have, for the reasons, then assigned, become somewhat reconciled to the apparent equity of the rule then laid down. And we accordingly so decided a case, in the last county, upon the present circuit, which seems to have been in principle, precisely like the present. We are quite agreed that no further relaxation is allowable. A party who is thus excused from the performance of his contract, has no reason to complain, that he is only allowed to recover for part performance, what his services

have benefited the other party, with reference to full performance.

The fact that plaintiff's sickness was, in this case, contracted in some occasional work, which he consented to do, beyond the limits of his employment, will not affect the legal or equitable rights of the parties, in court, however it might be in the forum of conscience, where this court does not attempt to decide.

Judgment reversed and judgment for defendant.

NOTE. The case of *Jones* v. *Judd*, 4 Comstock, 412 is not precisely in point, and if it were it would not probably affect our opinion of the propriety of the rule, which was understood to be the basis of the decision in *Fenton* v. *Clark*.