### ARTHUR T. PARKER *vs.* LYDIA A. MACOMBER.

One who has rendered personal service, under an entire contract which the act of God has prevented him from fully performing, may on implied *assumpsit* recover the fair value of his services rendered.

In such a case he may recover on the common counts in *indebitatus assumpsit* without declaring in a special count of *quantum meruit*.

DEFENDANT'S petition for a new trial.

*Providence, April* 11, 1892. DOUGLAS, J. This is an action of *assumpsit* brought to recover compensation for board, maintenance, care, and nursing for 390 weeks, from April 1, 1881, to October 1, 1888, at $5 per week, $1,950. The declaration contains the common counts in *indebitatus assumpsit* for goods sold and delivered, work and labor, money had and received, and for interest.

The jury returned a verdict for the plaintiff and assessed his damages at $1,072.50, being at the rate of $2.75 per week for 390 weeks. It appeared that the services rendered were induced by a parol agreement between the parties by which the plaintiff agreed that he and his wife should live in the house of the defendant, and care for and maintain her during her natural life, and the defendant agreed in consideration of these services that she would charge no rent for the house, would pay $8 per month board, and would give the house and leasehold interest in the lot to the plaintiff at defendant's death. She did not pay the board as agreed, but did pay some milk bills for the plaintiff on account.

Plaintiff's wife died February 13, 1888, and from that time he furnished housekeepers. In August, 1888, defendant notified plaintiff to leave the house, and he removed October 1.

Evidence was introduced, against the objection of defendant, of the value of the services rendered.

The defendant now prays for a new trial on the ground that the services were performed under an entire contract, which was not completed by the plaintiff because of the death of his wife, whose personal attendance formed an essential part of the consideration of it, and because the evidence objected to was inadmissible under the declaration.

The plaintiff contends that after the death of his wife the same services were rendered by the housekeepers whom he engaged, and that he was prevented from completing the contract by the defendant, who ejected him from the house, and not by his wife's death.

The questions which are raised by the petition are, whether the plaintiff can recover what his services are reasonably worth, notwithstanding the making of the contract, and, if so, whether this declaration is sufficient without a count in *quantum meruit* to admit evidence of the value of the services, and to sustain a judgment therefor.

We cannot doubt that, when this action was brought, the agreement had been annulled, if it ever had had any validity.

If the leasehold interest were for a term exceeding one year, the agreement amounted to an attempt to convey an interest in real estate by parol, and was void under the statute of frauds.

In such case, as the defendant refused to continue the arrangement, whether justifiably or not, the plaintiff is entitled to recover the value of his services already rendered. *Lockwood* v. *Barnes*, 3 Hill, N. Y. 128 ; *King* v. *Welcome*, 5 Gray, 41.

While it seems to be assumed that the lease was for a long term, and the probabilities of the situation lead us to the same supposition, unfortunately there is no evidence reported which enables us to find the fact, and we cannot presume that the agreement was void without proof.

We must therefore consider the agreement as originally binding, and determine the right of the parties upon that view of the case.

If the plaintiff was prevented from continuing his contract by the arbitrary act of the defendant, he may disregard it and recover the value of the services he has rendered in partial performance of it. *Greene & Brown* v. *Haley*, 5 R. I. 260. If the death of the plaintiff's wife was a substantial failure of the consideration, then the defendant was justified in rescinding the contract, as the full performance of it on the part of the plaintiff had become impossible. We think such was the case. The personal services and attentions of the wife to the defendant, who was the plaintiff's aunt, were undoubtedly contemplated by the parties as more agreeable and efficient than the services of strangers could be, and may well be considered an essential part of the benefits which the defendant was to receive. *Yerrington* v. *Greene*, 7 R. I. 589; *Knight* v. *Bean*, 22 Me. 531; *Spalding* v. *Rosa*, 71 N. Y. 40; *Stewart* v. *Loring*, 5 Allen, 306.

The question is, then, presented whether a person who has rendered personal services under an entire contract, which the act of God has prevented him from fully performing, can recover upon an implied *assumpsit* what those services are reasonably worth.

In case of the destruction of the fruits of the service so that neither party has the value of them, the loss must be adjusted according to the scope of the contract and the circumstances of the case, and different courts may come to diverse conclusions in cases which are very similar to each other. But when, as in this case, the defendant has received and retains the benefit of the service, we think that the plaintiff should recover. It is not just that one should benefit by the labor of another and make no return, when the event which ends the service happens without the fault of either party, and is not expressly or impliedly insured against in the agreement which induced the labor. This conclusion seems now to be established by authority, as well as to rest in sound reason. We know of no case which holds that, if the special agreement is no longer binding, the plaintiff may not resort to a *quantum meruit*. The leading case of *Cutter* v. *Powell*, 6 Term Rep. 320, held the special contract not to have been annulled by death, and there were circumstances connected with the agreement which gave color to that construction. The contract was, to perform a voyage for a compensation, to be paid upon arrival, largely in

excess of the ordinary wages for such services. The sailor died before the voyage was finished, and it was held that his administrator could not recover anything. The King's Bench seem to have felt the harshness of the rule they were bound by, even in that case, and caused inquiry to be made if some custom of the maritime law might not be found to mitigate the severity of the contract, but at the end of the term, no such usage having been found, they gave judgment for the defendant.

W. W. Story says of this decision: "But this case may be explained by the fact that the thirty guineas was an extra price for the voyage, much larger than the ordinary wages would amount to for the length of such a voyage, and that both parties understood and intended that the contract should be entire, and that the sailor should take the risk of the whole voyage. In other tribunals, and where there is no expressly entire contract, the death or sickness of the laborer is a sufficient excuse for non-performance, and he may recover *pro tanto* for the time he has labored." 1 Story on Contracts, 19. Smith's Leading Cases, 9th Amer. ed. 1238, in the note to *Cutter* v. *Powell*, say: "The death of either party puts an end to a contract for personal services unless it is otherwise agreed." President Tucker, of the Virginia Court of Appeals, referring to the same case, says: "That case can only be sustained, I think, on the ground principally relied on of extra wages. But notwithstanding these and other cases which rigorously deny compensation unless there is entire performance, there can be no doubt that when the subject is divisible, when the failure as to part can be fairly and accurately compensated by an apportionment of the consideration, the law permits, as justice certainly requires, that it should be done." *Bream* v. *Marsh*, 4 Leigh, 21, 29.

In *Haynes, Spencer & Co.* v. *Sec. Baptist Church of St. Louis*, 12 Mo. App. 536, 539, it is said by the court: "If money is to be paid when the work is done, non-performance of the work is a good defence; and where there has been a partial performance only, and not a performance of what is substantial in the contract, as a general rule plaintiff cannot recover. The rule always applies when the non-performance is voluntary on the plaintiff's part. But when the non-performance is caused by the defendant, or by the act of God, the rule is not always applied, and in this country

*Cutter* v. *Powell* has not been followed, but, in contracts for service, sickness and death have been held to excuse the non-performance of an entire contract." See, also, *Carpenter* v. *Gay*, 12 R. I. 306 ; *Farrow* v. *Wilson*, L. R. 4, C. P. 744.

*Wolfe* v. *Howes*, 20 N. Y. 197, is clearly analogous to the case at bar. The plaintiff's declaration contained the common counts only for work, labor, and services rendered by his testate, as a skilled workman, to the defendant. A contract was set up in defence by which the testator had agreed to work a year at $40 per month, $10 of which was to be paid monthly. Before the end of the year he became unable to work from sickness, and so continued till his death. It was held by the referee that, by reason of this sickness and death of the workman, he was discharged from the further performance of his contract, and his executor was entitled to recover a reasonable compensation for his services preceding the sickness. The Supreme Court affirmed the decision, and the Court of Appeals, after a careful examination of the authorities, held that the contract contemplated the personal services of the workman, and that full performance, being prevented by sickness or death, was not a condition precedent to the right to recover, and laid down the general proposition that one who, under a contract requiring his personal services, and providing for partial payment during the employment and the remainder at the end of the term, performs services valuable to the employer, but before the expiration of the stipulated period is disabled by sickness from completing his contract, is entitled to recover as upon a *quantum meruit* for such services as he rendered.

Allen, J., p. 200, in considering the case of *Cutter* v. *Powell*, says it " is distinguishable in this, that, by the peculiar wording of the contract, it was converted into a wagering agreement, by which the party, in consideration of an unusually high rate of wages, undertook to insure his own life, and to render at all hazards his personal services during the voyage, before the completion of which he died."

See, also, to the same general effect, *Fuller* v. *Brown*, 11 Metc. 440 ; *Seaver* v. *Morse*, 20 Vt. 620 ; *Fenton* v. *Clark*, 11 Vt. 557, 5 Lawyers' Rep. annotated 707, note ; *Clark* v. *Gilbert*, 26 N. Y. 279 ; *Coe* v. *Smith*, 4 Ind. 79 ; *Hubbard* v. *Belden*, 27 Vt. 645 ;

*Patrick* v. *Putnam*, 27 Vt. 759; *Lakeman* v. *Pollard*, 43 Me. 463; *Ryan* v. *Dayton*, 25 Conn. 188; *Green et al.* v. *Gilbert*, 21 Wisc. 401; Dane's Abridg. cap. 9, art. 22, §§ 17, 18.

The question remains whether the plaintiff's declaration is sufficient without the count in *quantum meruit*.

We think it is sufficient. A count in *quantum meruit* as well as one in *indebitatus assumpsit* for work, labor, skill, care, and diligence, etc., claims a certain sum as due. In either case the plaintiff may recover less, and the judgment is for so much of his stated claim as is found to be justly merited. The counts in *quantum meruit* and in *quantum valebat* are therefore unnecessary in any case. 1 Chitty on Pleading, *352, *353.

The petition for a new trial must be denied and dismissed.

*Charles J. Arms*, for plaintiff.

*Samuel W. K. Allen*, for defendant.