[No. 8594.    Department One.    June 23, 1910.]

## W. K. MacFARLANE, *Respondent*, v. ALLAN-PFEIFFER CHEMICAL COMPANY, *Appellant.*[1]

WORK AND LABOR—MONTHLY SERVICES—LOST TIME.   A traveling salesman employed by the month cannot recover for services during time lost by reason of his sickness.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 18, 1909, upon findings in favor of the plaintiff, in an action on contract.   Reversed.

*Leopold M. Stern* (*J. W. Russell*, of counsel), for appellant.

*Jas. A. Dougan*, for respondent.

MORRIS, J.—In January, 1906, respondent was employed by appellant as a traveling salesman, at a wage of $125 per month and expenses.   He was discharged July 2 following, and in January, 1909, he brought this action to recover $208.40, claimed to be due on account of unpaid wages.   The answer admitted the employment, but denied the service for the full period of six months; alleged about fifty-five days' lost time in the months of April, May, and June, and an overpayment of $16.40.   The court below found in favor of plaintiff, and defendant appeals.

There can be no question but that respondent performed no service during the time claimed by appellant.   He does not claim to, except that, between April 12 and 22, when he admits he was at home ill, he says he sent in an order for a Seattle house, and that, between May 7 and 31 when he admits being at home, he mailed about five hundred postal route cards.   The question then presented is, can a servant

[1]Reported in 109 Pac. 604.

employed by the month recover for lost time.   It is well set-
tled that he cannot.   Under the old common law rule, when
the servant was employed for a fixed time, the contract was
considered as an entirety, and no recovery could be had ex-
cept for complete performance.   The rule was early modified
by the American courts, and it was held that, when, because
of sickness or other reason not the fault of the servant, he
was unable to continue in his employment, he could, neverthe-
less, recover *pro rata* for the service actually performed, less
any damage caused by reason of failure of complete perform-
ance. *Dunlap v. Montgomery*, 123 Pa. St. 27, 16 Atl. 41. The
same reasoning which protects the servant in permitting him
to recover for service actually performed, protects the master
in not holding him liable except for services actually per-
formed; and the servant cannot recover for time lost through
his own illness or other inability to perform the required
service.   20 Am. & Eng. Ency. Law (2d ed.), 19, 43; *Hunter
v. Waldron*, 7 Ala. 753; *Ryan v. Dayton*, 25 Conn. 188, 65
Am. Dec. 560; *Nichols v. Coolahan*, 10 Met. 449; *Fuller v.
Brown*, 11 Met. 440; *Wolfe v. Howes*, 20 N. Y. 197, 75 Am.
Dec. 388; *Clark v. Gilbert*, 26 N. Y. 279, 84 Am. Dec. 189;
*Parker v. Macomber*, 17 R. I. 674, 24 Atl. 464, 16 L. R. A.
858; *McClellan v. Harris*, 7 S. D. 447; *McDonald v. Mon-
tague*, 30 Vt. 357; *Hughes v. Toledo Scale & Cash Register
Co.*, 112 Mo. App. 91, 86 S. W. 895.   The court below was,
therefore, in error in allowing respondent full time for the
months of April, May, and June.

Respondent cites a number of cases where a recovery has
been permitted because of some waiver by the master.   Such
cases are not in point here, as there is no waiver either al-
leged or proved.   In fact, it appears from the correspond-
ence of the parties that appellant had informed respondent
that it was neither willing, nor was it its custom, to pay its
salesman for lost time, which would seem to have been ac-
quiesced in by respondent; as in one of his letters to the
company, in which he refers to his illness, he says:  "I don't

know what your system is in regard to sickness, but I am willing to stand by it."

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

RUDKIN, C. J., GOSE, FULLERTON, and CHADWICK, JJ., concur.