[No. 16376.   Department Two.   December 22, 1921.]

## J. R. FRYE, *Respondent,* v. C. E. BLACKWELL & COMPANY, *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS.  Where the evidence does not clearly preponderate against a finding of the trial court, the finding will be acquiesced in by the supreme court on appeal.

MASTER AND SERVANT (17)—WORK AND LABOR (15)—ACTION FOR WAGES—CONTRACT—DURATION OF TERM—AMOUNT OF RECOVERY.  Under a contract of employment for an indefinite period, to be compensated by a stated salary per month and in addition by a certain percentage of the profits, where the employee is compelled to abandon the employment by reason of sickness, he is entitled to a pro rata share of the profits of the business during the period he actually served.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered November 13, 1920, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Affirmed.

*William O'Connor,* for appellant.

*P. D. Smith* and *W. C. Brown,* for respondent.

MACKINTOSH, J.—The evidence in this case satisfactorily sustains the findings of the trial court, to the effect that, for a long time prior to January 1, 1917, the respondent had been in the employ of the appellant at a salary of $125 per month; that sometime in December, 1916, a new contract of employment was made between them, by the terms of which respondent was to manage one of the appellant's stores, situated at Okanogan, and was to receive as compensation $100 per month and twelve and one-half per cent of the net profits of such store; that the respondent fulfilled the terms of his employment and discharged his duties un-

[1]Reported in 203 Pac. 5.

til June 10, 1917, when he was compelled to give up his new position by reason of a nervous breakdown; that, from January 1 to the time respondent was so compelled to give up his position, the appellant had advanced to the respondent $25 a month on the twelve and one-half per cent profit provision of the contract, in addition to the payments of $100 per month, and the respondent had received altogether the sum of $541.33. It further appears that appellant suffered no damage or inconvenience by the respondent's leaving its employment, and that, although the business of the appellant during January and February is usually poor, it begins to revive in March, and that the business in the months of April, May and June is the best of the year. The court further found that, at the time this contract was entered into, there was no agreement that the respondent should remain in the appellant's employ for any definite time, but that both parties contemplated that the employment would extend over an indefinite period. It is over this finding that the principal controversy on this appeal has taken place.

Although the testimony is in conflict upon this point, the appellant testifying that the employment was for a year, and the respondent testifying that the employment was indefinite in term, the trial court having found in favor of the respondent's contention, we feel constrained to acquiesce in the finding, as the evidence does not clearly preponderate against it. The materiality of the term of the employment arises from the question it involves of the measure of damages applicable in contracts of employment terminated by the sickness of the employee. It is conceded by the appellant that in contracts of employment for an indefinite period, so terminated, the recovery of the employee is

upon a pro rata basis, the appellant stating its position in its brief as follows:

"If the finding of the lower court is correct that the contract was for an indefinite period and that the plaintiff should remain in the employ of the defendant indefinitely, and the contract between the plaintiff and the defendant was made upon that basis and the plaintiff was to receive as his salary $100 per month and 12½ per cent of the profits of the store on that basis, then the finding that the defendant is entitled to share pro rata in the net profits is correct. On the other hand, if plaintiff was not employed for an indefinite period, but it was understood that plaintiff was to stay a year and the plaintiff quit his employment by reason of ill health, he would not be entitled to recover upon a pro rata basis but could only recover upon a quantum meruit."

The respondent claims there is no difference in the measure of recovery in employment for definite or indefinite periods, and quotes the following extract from the opinion of this court in *MacFarlane v. Allan-Pfeiffer Chemical Co.*, 59 Wash. 154, 109 Pac. 604, Ann. Cas. 1912A 1180, 28 L. R. A. (N. S.) 314:

"Under the old common law rule, when the servant was employed for a fixed time, the contract was considered as an entirety, and no recovery could be had except for complete performance. The rule was early modified by the American courts, and it was held that, when, because of sickness or other reason not the fault of the servant, he was unable to continue in his employment, he could nevertheless, recover *pro rata* for the service actually performed, less any damage caused by reason of failure of complete performance."

Although we have determined in this case that the employment was for an indefinite time, and the question of the measure of damages in cases of employment for a definite period is not before us, yet we think it proper to refer to the language just quoted from the

*MacFarlane* case, for the purpose of saying that that language was not material to the point before the court and is therefore dictum, and we leave open the question of whether, in any event, it correctly states the rule of law.

The appellant's Okanogan store made a net profit in the year 1917 of $9,500, and the pro rata share for four and one-third months during which the respondent was in the appellant's employ (the month of February being eliminated for the reason that the respondent was, absent on personal business of his own during that month) would amount to $438.78, which would leave a balance to respondent of $330.45, which was the amount of the judgment awarded him, and from which the appeal was taken.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.