THE STATE USE OF THE FARMERS BANK OF MARYLAND *vs.* LOUIS MACKALL.—*December*, 1841.

Under the act of 1826, ch. 200, sec. 13, each party has three years from the rendition of a judgment at law in the county court, to enter an appeal to this court.

The filing of a bill of exceptions is not equivalent to the entry of an appeal.

Under the sixth section of the same act, it is the duty of the clerk of the court from the judgment of which an appeal has been entered, to transmit the record to this court within forty days after the entry of such appeal.

It is a presumption of law, that the clerk of the court, a public officer, discharges his duty in conformity to law.

So where the record was silent as to the date of the entry of the appeal, and the fact was not admitted by the parties, this court will presume, that the record was transmitted within forty days of the time of the entry of an appeal.

APPEAL from *Prince George's* County Court.

This was an action of debt, brought by the appellant on the 9th April 1835. There was a verdict for the defendant below, after various exceptions taken by the appellant, at October term 1839, which term commenced on the 14th day of the month. The bills of exceptions were dated —— day of October 1839. The record of the cause then proceeded as follows:

"Thereupon the said plaintiff, by its attornies aforesaid, prays that it may appeal from the judgment aforesaid of the court here so as aforesaid rendered, to the High Court of Appeals of the State of Maryland, and it is granted. Thereupon it is ordered by the court, that a record of the proceedings aforesaid in the plea aforesaid, with all things thereunto relating, be transmitted to the High Court of Appeals, &c., and they are transmitted accordingly. Test, &c." The certificate of the clerk of the county court in verification of the record, was dated 19th January 1841, and the record was filed in this court on the 21st January 1841. At this term the appellees moved to dismiss the appeal, upon the ground that the record was not filed in time in this court.

The motion to dismiss was argued before ARCHER, DORSEY, and CHAMBERS, J.

Newcomer and Stonebraker *vs.* Kline.—1841.

By PRATT for the motion and

By ALEXANDER and TUCK contra.

ARCHER, J., delivered the opinion of the court.

A motion has been made to dismiss the appeal taken in this case. The judgment was rendered, October 1839, and by the act of 1826, ch. 200, sec. 13, each party had three years from the rendition of the judgment in the court below, to enter his appeal to this court. But the record does not shew at what time the appeal was entered. The bill of exceptions was filed at the October term 1839. But the filing of the exception is not equivalent to the entry of an appeal. We could not dismiss the appeal, as not having been brought to this court in time, unless the time of its entry appeared in the record, or was admitted by the parties. According to the decision of this court in *Chaytor and others vs. Oliver's executors,* the record must be transmitted to this court within forty days from the entry of appeal in the court below; and where the record is silent as to the time of the entry of the appeal, the law would presume that the officer, whose duty it was to transmit the record within forty days from the entry of the appeal, had discharged his duty. Acting on this presumption, the appeal must be considered in this court in due time.

MOTION OVERRULED.

*Note.*—By the act of 1841, ch. 46, the period of time for sending up records by the clerks of the county courts and register of the Court of Chancery, is enlarged to nine months.