Miller, *et al.*, Adm'rs *vs.* Murray, Adm'r *d. b. n.*

---

HENRY MILLER, HORACE ROBERTS and MARTHA WELDON, administrators of H. T. ROBERTS, and others *vs.* THOMAS A. MURRAY, administrator d. b. n. of D. C. H. EMORY.

## *Appeal.*

Where a verbal order for an appeal in an equity case, was given to the clerk of the Court, within due time, but the appeal was not

Miller, *et al.*, Adm'rs *vs.* Murray, Adm'r *d. b. n.*

actually entered by him until after the expiration of more than two months from the date of the order appealed from, the appeal will be dismissed, the verbal order having no effect.

APPEAL from the Circuit Court for Queen Anne's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ALVEY, C. J., MILLER, BRYAN, and McSHERRY, J., and submitted for the appellants.

*John B. Brown*, for the appellants.

*Thomas A. Murray*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

An order of Court was passed on the 13th of December, 1888, overruling certain exceptions to an auditor's report.

It appears both from the admission of the counsel for the appellant and the affidavits filed in the cause, that no appeal was entered in the cause until the 20th of February, 1889. This was more than two months after the date of the order, and was too late. A motion has for this reason been made to dismiss the appeal. A verbal order for the appeal was given to the clerk of the Court below on the sixth day of February. If this was effectual, the appeal is saved. By the ninth rule of this Court it was required that appeals from equity should be "taken and entered" within nine months from the date of the decree or order which was the subject of the appeal. By the twenty-seventh rule the time was reduced to two months. The rule in reference to appeals from Courts of law requires that they shall be taken

within a limited time, but does not say that they shall be *"taken and entered."* It is not probable that a different rule for appeals was intended in the two cases. The language of the equity rule is copied from the fourteenth section of the Act of 1826, chapter 200. The ninth rule of this Court was simply a reproduction of that section. By the Act of 1729, chapter 3, appeals from the Court of Chancery were directed to be prosecuted in the same manner as appeals from a Court of law. The Act of 1826, chapter 200, repealed all previous legislation on the subject of appeals and writs of error. By the second section it was provided that an appeal in law or equity might be made, either in Court or by application to the clerk during vacation. And on such application the clerk was directed to enter an appeal in the usual manner. The sixth section directed that when an appeal was entered in Court, the clerk should make out and transmit a transcript of the record; and the fourteenth section is in effect (as has been already stated) identical with the ninth rule. This legislation gives us the history of the law relating to the mode of taking appeals. It has been substantially embodied in our Codes. Certainly, as far back as 1729, if not earlier, an appeal could be prayed in open Court, and it was not in the power of the Judge or Chancellor to refuse it. The prayer was granted, as a matter of course, and it became a part of the proceedings of the Court; was therefore noted on the docket, and set forth on the record. When an appeal was authorized by application to the clerk out of Court, it was made his duty to enter it *"in the usual manner."* When the appeal was entered, the duty of making out the transcript was imposed on the clerk. The entry of the appeal is the authentic evidence that it has been taken. There has never been but one mode by which the proceedings of a Court of record could be proved, and that is by the

record itself, which is a faithful history supposed to be written out under the eye of the Court. There is certainly nothing in the legislation which has been quoted, to alter this rule in any respect. When an appeal is prayed in open Court, and the clerk neglects to note it, the Court will, on motion, order the record to be amended so as to speak the truth. When an application in writing for an appeal is filed with the clerk, this application is considered as part of the record, as much so as a bill, or an answer, or a plea, or any other paper properly filed in due course. But, if an application is made by word of mouth, and the appeal is not actually entered by the clerk, we are at a loss to see on what legal principle it could have effect.

As the facts showing the invalidity of this appeal are admitted, we have not thought it necessary that a writ of diminution should be issued to spread them on the record in a more technical form. The appeal must be dismissed.

*Appeal dismissed.*

(Decided 11th June, 1889.)