MORDECAI PLUMMER *vs.* GEORGE W. WILSON, Officer of Registration of the Third Election District, and JOHN W. BELT, Clerk of the Circuit Court for Prince George's County.

*Registration of Voters—Appeal—Act of 1890, ch. 573, sec. 21.*

Where an appeal taken to the Circuit Court from the action of a registration officer in refusing to strike a name from the list of registered voters, is dismissed by order of the Court, and from this order an appeal is taken to the Court of Appeals, such appeal will be dismissed, unless it shall have been taken within five days from the date of the order, as required by section twenty-one of the Act of 1890, ch. 573.

Plummer *vs.* Wilson, &c.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*George C. Merrick,* for the appellant.

*Richard E. Brandt,* for the appellees.

MILLER, J., delivered the opinion of the Court.

The appeal in this case must be dismissed. The record shows that Plummer filed his petition in the Circuit Court for Prince George's County on the 14th of October, 1890, complaining that Wilson, the registration officer of the third election district of that county, had refused to strike the name of J. Waring Medley from the list of registered voters of that district. The allegation of the petition is that Medley was not a resident of the district. The Court, on the same day, ordered the proper summons to be issued to the registration officer and the Clerk of the Court to appear and answer forthwith. The parties appeared by counsel and the case was heard before one of the Judges of the Court. The petitioner, after the testimony was closed, offered a prayer, which the Judge rejected, and passed an order dismissing the petition and that the petitioner pay the costs of the appeal. The hearing was had, and the order dismissing the petition was passed on the 30th of October, 1890. No appeal to this Court was taken from this ruling of the Circuit Judge until the 5th of December, 1890.

The new registration law of 1890, ch. 573, allows, as did the old one, an appeal in cases like the present from

the action of the registration officers to the Judges or Judge of the Circuit Courts, but introduces a new provision for an appeal from the rulings of the Circuit Judges to this Court. It expressly provides, however, that all such appeals shall be taken within *five days* from the date of the decision complained of. The language of the statute is: "Exceptions may be taken to any ruling of said Judges or Judge, and appeal allowed to the Court of Appeals as in other cases; all such appeals *shall be taken* within five days from the date of the decision complained of, and shall be heard and decided by the Court of Appeals as soon after the transmission of the records as may be practicable." *Act of* 1890, *ch.* 573, *sec.* 21.

Such is the imperative mandate of the law, and an exception prepared and signed, with appeal taken long after the expiration of the five days, gives this Court no jurisdiction to hear and decide the case. The exception must be prepared and signed and the appeal taken within five days from the date of the decision complained of.

*Appeal dismissed.*

(Decided 20th February, 1891.)