(Decided June 18th, 1895.)

---

## PETER H. HEISKELL, JR., *vs.* HESTER J. ROLLINS.

*Entry of Judgment on Verdict Pending Motion for New Trial.*

Where, after a verdict for the plaintiff, the defendant moves for a new trial, there can be no final judgment on the verdict until the motion for a new trial is overruled or otherwise disposed of.

The record in this case showed that on October 6 there was a verdict for the plaintiff, and that on the same day judgment was entered thereon, and a motion for a new trial filed; that the motion was overruled on January 2 following, on which latter day an appeal was prayed, but there was no entry of a judgment after the motion was overruled. Upon a motion to dismiss the appeal, because not taken within two months after final judgment, *Held*, that it must be assumed that there was a mistake in the entry of the judgment on the verdict while the motion for a new trial was pending; and since there was nothing to show a judgment after it was disposed of the appeal must be dismissed without prejudice, on the ground that no final judgment had been entered, to the end that the appellant may have the entry of judgment on October 6 stricken out and final judgment entered.

Appeal from the Circuit Court for Prince George's County. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, ROBERTS and BOYD, JJ.

*W. I. Hill* (with whom was *Chas. H. Stanley* on the brief), for the appellant.

*George C. Merrick*, for the appellee, submitted the cause upon his brief and motion to dismiss the appeal.

ROBINSON, C. J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case is made on the ground that the appeal was not taken within two months after final judgment was entered, as required by the Code, Art. 5, sec. 6. The docket entries show that the judgment was entered 6th October, 1894, and that the appeal was taken on 2nd January, 1895. If the matter rested here, we should be obliged to dismiss the appeal, for the reason that it was not taken within two months after judgment was rendered. But the docket entries also show, that the verdict was rendered on the *6th October, 1894*, and that judgment on verdict was entered on *the same day*, and that on the *same day* a motion for new trial was made, and reasons in support of the motion were filed ; and they further show, that the motion for new trial was not disposed of until *2nd January, 1895*. The Court could not, of course, have entered final judgment on the verdict until the motion for new trial was overruled or otherwise disposed of.

At common law it was incumbent on the plaintiff, after verdict, to enter a rule for judgment *nisi causa*, and this rule expired in four days. Within the four days the defendant had the right to move for *new trial* or arrest of judgment, and unless the motion was made within that time the right was gone. In *Clerk* v. *Rowland*, 1 Salked, 399, it is said : "So where there is a verdict there must be four days between the verdict and the judgment." "Therefore, after verdict or writ of inquiry, the course is for the plaintiff to give a rule to enable him to enter his judgment *nisi causa*." In the Court of King's Bench, the day on which the verdict was entered was not reckoned one of the four days, and the four days were computed exclusive of the day on which the rule was made. In the Court of Common Pleas, however, the practice was to include the day on which the rule was made. 3 Salk. 215. And in *Standfast* v. *Chamberlaine*, 3 Salk.

215, the judgment was set aside because it had been entered before the expiration of the four days, as required by law. Now, in this case, the judgment was entered on the day the verdict was rendered, although the plaintiff had on that day filed a motion for a new trial, with reasons in support of such motion. And it further appears by the docket entries, that this motion was not disposed of until 2nd January, 1895. We must assume, therefore, that there was some mistake on the part of the clerk in entering final judgment on the day the verdict was rendered, and whilst the motion for a new trial was pending. And if so, no final judgment has been entered on the verdict, because the record shows that the motion for a new trial was overruled 2nd January, 1895, but it does not show that judgment was entered on that day, or on any day subsequent thereto. And if this be so, the appeal must be dismissed on the ground that no final judgment has been entered.

We shall therefore dismiss the appeal without prejudice, in order that the appellant may take such steps as he may deem necessary to have the entry of judgment which was improvidently entered stricken out and final judgment entered, which could not be entered until the motion for new trial was disposed of.

*Appeal dismissed without prejudice.*

(Decided June 18th, 1895.)