(Decided December 11th, 1895.)

---

## JOHN M. GAINES *vs.* SAMUEL L. LAMKIN.

*Oral Order for Appeal not Entered in Time.*

Where a party appeals from a judgment of a Court of law by orally directing the Clerk of the Court to enter an appeal, said order not being given in open Court, the entry must be made on the record within the time prescribed for taking appeals.

Appeal from the Circuit Court for Washington County (STAKE, J.) The appellee moved to dismiss the appeal. It appeared from the record that the November term of the Circuit Court for Washington County, at which the case was · tried, began on the 19th day of November, 1864, and the actual session of the Court closed on the 5th day of January, 1895. It also appears that no written order for an appeal was ever filed in the case, and that no docket entry of an appeal was entered until the 30th day of March, 1895, when the entry of " appeal prayed " was made by the Clerk upon the application of one of the defendant's counsel, and the statement that he had given the verbal order for appeal on the 7th day of January, 1895. The Clerk made the entry, having no recollection that such an order had been given. The entry was qualified by the words " so says plaintiff's attorney," a mistake for " so says defendant's attorney, March 30th, 1895."

GAINES *vs.* LAMKIN.

Opinion of the Court. [82

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY and BRISCOE, JJ.

*Alexander Armstrong* (with whom was *Alex. Neill* on the brief), for the appellant.

*J. Clarence Lane* (with whom was *Wm. Kealhofer* on the brief), for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

The Code provides that all appeals from any judgment of a Court of law shall be taken within two months from the date of such judgment. Art. 5, section 6. The judgment in this case was rendered on the *24th November, 1894,* and the appeal was entered on the *30th March, 1895,* more than two months from the date of the judgment. It is admitted, however, that the defendant's attorney, on the 7th of January, 1895, after the actual session of the Court for the November term had ended, gave a verbal order for an appeal, but it was not entered because the Clerk of the Court says he had no recollection that any such order was given, and that the entry of March 30th, 1895, was made at the request of defendant's attorney and upon his statement that he had given a verbal order for the appeal on the 7th January. And the question is whether a mere verbal order for an appeal which is *not entered of record* till after the expiration of two months from the date of the judgment, is an appeal properly taken within the meaning of the Code ? In *Miller* v. *Murray,* 71 Md. 61, we held that a verbal order for an appeal from an order passed by a Court of Equity, but which was *not entered* within two months from the date of the order, was not a compliance with the statute, and the appeal was therefore dismissed. The Code provides, it is true, that appeals from orders or decrees of a Court of Equity " *shall be taken and entered*" within two months, &c. But after referring to the provisions of the Code relating to appeals from judgments of a Court of law, we said in that

case, " it was not probable that a different rule was intended in the two cases." We did not decide· that an order for an appeal must necessarily be in writing, although it is obvious that such an order would be the safer practice, and would avoid all question as to whether an appeal had been prayed, and if so, whether it was within the time thus limited by the Code. But we did say, " there was but one mode by which the proceedings of a Court of record could be proved, and that was by the record itself." And if so, where the order is by word of mouth, to entitle one to the benefit of an appeal, the entry must be made on the records of the Court, and made, too, within two months from the date of the judgment. Any other construction of the statute would lead to endless controversies, the decision of which would depend not upon the records of the Court, but upon the uncertain, and in many cases conflicting recollection of the attorney and the Clerk. Every safe and sound principle of construction, therefore, requires us to hold, that where a mere verbal order for an appeal is given, not in open Court, but after the actual session of the Court is over, *the entry of the appeal* must be made within the time limited by the statute. No such entry was made in this case, and it follows, therefore, that the appeal must be dismissed. As the case was fully argued on its merits, we may say that after a careful examination of the record we find no error in the several rulings of the Court below, unless perhaps there was error in excluding the evidence offered by the defendant to prove the amount paid by him to the witness, Bryson, for relaying the drain pipes to carry the water to the cistern. The bill of particulars, however, filed by the defendant, shows that the amount thus paid by him was only eleven dollars and seventy cents. And if the question was properly before us, we should have great reluctance in reversing the judgment for so small an amount, and thereby subject the parties to the costs and expenses of another trial.

*Appeal dismissed.*

(Decided December 6th, 1895.)