# FREDERICK W. RITTER, JR., *vs.* ELIAS H. ETCHISON.

*Elections and Voters—Appeals in Registration Cases—Residence—Registration.*

The Act of 1896, ch. 202, provides that appeals in registration cases shall be taken within five days from the date of the decision complained of. In this case an appeal was prayed from the order of the Court below within five days after the same was passed, but the bill of exceptions was not signed until after that period. *Held,* that a motion to dismiss the appeal should be overruled because if the appeal in a registration case is taken within the time limited, the bill of exceptions may be presented and signed in accordance with the general practice regulating appeals.

A. was adjudged to be a qualified voter of M. County by an order of Court in September, 1895. In October of that year he removed with his family to Washington, D. C., but made an affidavit under the Act of 1890, chap. 573, to the effect that he did not intend to change his residence but proposed to return. He paid taxes in M. County and on April 1, 1896, returned to his house there. His place of business and one of his homes were in Washington and he lived in M. County only from April to November of each year. The Act of 1896, chap. 202, provides that if a person be shown to have acquired a residence in one place it shall be presumed to continue until it be affirmatively shown that he has acquired a residence elsewhere. *Held,* that under these circumstances A. is entitled to be registered as a voter in M. County.

Appeal from an order of the Circuit Court for Montgomery County (HENDERSON, J.), directing that the name of the appellant be stricken from the registry books of said county.

The cause was argund before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE and PAGE, JJ.

*Ashley M. Gould* (with whom was *Alvan T. Tracy* on the brief), for the appellant.

Submitted for the appellee on brief by *Edward C. Peter* and *Charles W. Prettyman.*

BRISCOE, J., delivered the opinion of the Court.

On the 21st of October, 1896, the appellee, Elias H. Etchison, filed a petition in the Circuit Court of Montgomery County to have the name of Frederick W. Ritter, Jr., stricken from the lists of qualified voters of the 9th election district of that county, on the ground that he had never acquired a legal residence and ought not to be included in the lists of registered voters, " as he is not and never was a legal qualified voter of Montgomery County, in the State of Maryland." And it is from an order of Court directing Ritter's name to be stricken from these lists, that this appeal has been taken.

The first question arises upon a motion to dismiss the appeal, because the bill of exceptions was not presented and signed within five days from the date of the judgment. It is admitted, however, and it so appears from the record, that the final judgment was passed on the 27th of October, 1896, and the appeal therefrom was entered and filed on the 31st of October following, which was within the five days required by the statute. The express provisions of the statute relating to the right of appeal in registration cases, that " exceptions may be taken to any ruling of the Court at the hearing of any such petitions and appeal allowed to the Court of Appeals, as in other cases, all such appeals shall be taken within five days from the date of the decision complained of, and shall be heard and decided by the Court of Appeals as soon after the transmission of the record as may be practicable." Acts 1896, ch. 202. It is also admitted and agreed by the parties to the cause, " that the bill of exceptions was presented, signed and filed in accordance with the statutes and practice of this State, unless said statutes require the presentation, signing and filing of the same, within five days from the date of judgment, said bill not having been presented, signed or filed within said five days." The bill of exception appearing to have been signed, *nunc pro tunc*, on the 27th of October, 1896.

There is nothing in the statute regulating appeals in reg-

istration cases which requires exceptions which have been taken and reserved at the hearing, to be signed within five days.   If the appeal is taken within the statutory period, this is sufficient, if the exceptions are presented and signed in accordance with the general practice regulating appeals, as in other cases.   *Balto. Bldg. Asso.* v. *Grant,* 41 Md. 563 ; *Miller v. Murray,* 71 Md. 61.   The case of *Plummer* v. *Wilson,* 73 Md. 472, relied upon by the appellee, is clearly distinguishable from this.   In *Plummer's case* the appeal itself was not taken within the period of five days, and the language used there must be construed as applicable to the facts of that case.   The motion to dismiss must be overruled.

We come now to the evidence to prove residence.   Ritter testified that sometime prior to the year 1888 he moved from the city of Pittsburg, in the State of Pennsylvania, to Washington City ; that shortly afterwards he purchased property at Washington Grove, Montgomery County, and erected a dwelling thereon ; that he claims this as his only and true home, and for a portion of each year he has occupied this dwelling-house with his family ; that under the provisions of the assessment laws of the State he has made returns of his personal property for taxation ; that he moved to the city of Washington on or about the 29th of October, 1894, and occupied a dwelling-house owned by his wife, but made the affidavit required by the Act of 1890, and returned with his family to Maryland on or about the 1st of April, 1895.   He further testified that he was refused registration on the 16th of September, 1895, but on appeal to the Circuit Court of Montgomery County, it was ordered and decreed by the Court that he was a resident of the State of Maryland and a qualified voter of the 9th election district of Montgomery County ; that under this order, which remains unreversed, he was registered and voted at the general election in Nov. 1895.   He further testified that he again removed with his family on the 26th of October, 1895, to Washington City, to secure medical treatment for a member of his family, but made the affidavit required by the Act

of 1890, and returned with his family to his home on or about the 1st of April, 1896, where he now resides with his family.

There was proof on the part of the petitioner tending to show that Ritter's principal place of business was in the city of Washington, and that he had occupied his Maryland home only a portion of each year, from April to November.  We think under the facts of this case, that the appellant was entitled to be registered as a qualified voter and the Circuit Court of Montgomery County committed an error in rejecting the prayer which so declared.

It is specially provided by the 23rd sec. of the Act of 1896, ch. 202, that in determining whether any person is or is not a resident of any voting precinct, it shall be presumed that if a person is shown to have acquired a residence in one locality he retains the same until it is affirmatively shown that he has acquired a residence in another locality.  Ritter was a resident of the State, and a voter in the ninth election district of Montgomery County, on the 28th of October, 1895, under the decision of the Circuit Court of Montgomery County, and voted at the general election held in the State in the year 1895.  The affidavit which he made before the Clerk of the Circuit Court for Montgemrey County was to the effect, that he did not intend to change his residence, but that he had a fixed purpose to return within six months preceding the November election, and it further appears, that in accordance with this intention, he actually did return on or about the 15th of April, 1895.

Being then of opinion, under the facts of this case, that the appellant was entitled to be registered as a qualified voter, the order of Court passed on the 27th of October, 1896, will be reversed and the case remanded, to the end that the appellant's name may be placed on the registry books of the ninth election district of Montgomery County.

> *Order reversed, cause remanded, and costs to be paid by Montgomery County.*

(Decided June 22nd, 1897.)