James Rowland, Walter Burt and Howard D. Reynolds, trading as James Rowland & Co., v. Thomas W. Estes, John S. Patterson and James C. McFarland, trading as T. W. Estes & Co. Appeal of James C. McFarland.

*Partnership—Definition of dormant partner.*

A dormant partner is one who is unknown as such to those doing business with the firm; one who refrains from any active interference with the business.

*Partnership—Dormant partner—Notice of withdrawal.*

It is not necessary for a dormant partner to give notice of his withdrawal from the firm in order to relieve himself from liability for debts contracted afterward with persons who had never known that he was a partner.

*Partnership—Dormant partner—Evidence—Burden of proof.*

In an action against a partnership to recover for goods sold and delivered after a dormant partner had withdrawn, where it affirmatively appears that there had been business transactions between the plaintiffs and the firm before such partner's withdrawal, the burden of proof is upon the dormant partner, if he would relieve himself from liability, to show that he was unknown as a partner to those who sold goods to the partnership.

Argued Jan. 4, 1899. Appeal, No. 144, Jan. T., 1898, by James C. McFarland, from judgment of C. P. No. 3, Phila. Co., June T., 1896, No. 827, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit against a partnership.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions in favor of the plaintiffs.

Verdict and judgment for plaintiffs for $2,063.94. James C. McFarland appealed.

*Error assigned* was the instruction in favor of the plaintiffs.

*William H. Peace,* for appellant.—The defendant, McFarland, was a dormant partner, and was not liable in this suit: Bank v. Thomas, 47 N. Y. 15; Leslie v. Wiley, 47 N. Y. 648; Phillips v. Nash, 47 Ga. 218; Metcalf v. Officer, 2 Fed. Rep. 640; Armstrong v. Hussey, 12 S. & R. 315; Deford v. Reynolds, 36 Pa. 332.

_Rudolph M. Schick,_ for appellees, cited Clark v. Fletcher, 96 Pa. 418; Shamburg v. Ruggles, 83 Pa. 150; Bates on Partnership, sec. 151; Deford v. Reynolds, 36 Pa. 325.

OPINION BY MR. JUSTICE FELL, February 27, 1899:

This action was brought to recover the price of goods sold to T. W. Estes & Co. At the trial there was no dispute as to the sale or as to the amount due. Only one of the partners defended, and he in his own interest alone, on the ground that he had been a dormant partner and had withdrawn from the partnership before the debt was contracted. The three defendants, Estes, Patterson and McFarland, entered into partnership on January 1, 1890, for three years, under the firm name of T. W. Estes and Company. On January 1, 1893, the partnership was renewed for a further period of three years. McFarland claimed that he had withdrawn from the partnership at the end of the second term, and that he had had no interest in the business thereafter carried on by the remaining partners. No notice of his withdrawal had been given, and there was no change of the firm name. The plaintiffs first sold goods to T. W. Estes & Co. in 1895, when McFarland was a partner; the goods in question were sold in June, 1896, five months after the date at which he claimed to have withdrawn.

As a verdict was directed for the plaintiffs, the question now is whether there was enough in the testimony, if credited by the jury, to relieve McFarland from liability for the debts of the firm contracted with those who had had dealings with it before his withdrawal. If he was a dormant partner it was not necessary for him to give notice of his withdrawal in order to relieve himself from liability for debts contracted afterward with persons who had never known that he was a partner: Armstrong v. Hussey, 12 S. & R. 315; Deford v. Reynolds, 36 Pa. 325; Clark v. Fletcher, 96 Pa. 416. In the case last cited it was said by the present Chief Justice: "Partners who are strictly dormant, and unknown to those who transact business with the firm, and who therefore lend no credit to the partnership, form an exception to the general rule. While they are of course responsible for liabilities of the firm incurred during their connection with it, they are not liable for debts contracted after they have withdrawn from the partnership, although no-

tice of such dissolution may not have been given to the public or those with whom the firm has had previous dealings." A dormant partner is defined in Shamburg v. Ruggles, 83 Pa. 150, as one "who is unknown as such to those doing business with the firm." In Parsons on Partnership, sec. 33, it is said in speaking of the word "dormant" as applied to partners: "We think however the word implies both the qualities of secrecy and inactivity. It seems to be most common and most convenient to use the word as indicating a partner who keeps himself concealed and who also refrains from any active interference with the business or management of the firm."

In order to make a partner a dormant partner, one at least of the essential elements is that he is unknown or not generally known to be interested in the partnership. McFarland did not show this. There was testimony tending to show that he had not talked to customers and had not sold goods; that his name had not appeared on the sign cards or letterheads; that among the partners it was understood that he was under no obligation to take an active part in the management of the business, and that he was not to be known as a partner; but there was no testimony that he was unknown to those who sold goods to the partnership. On this subject the burden of proof rested on him. The general denial of partnership by the affidavit of defense and plea was met by positive proof of the existence of the partnership when the business transactions between the parties began. As no notice of his withdrawal was given, his liability continued unless he was a dormant partner. His testimony was very distinct that he had not sold goods; but on the vital question, whether he had bought goods or by his known connection with the partnership had lent it credit, he was silent. The firm name indicated that one or more persons were associated with T. W. Estes, and the plaintiffs appear to have extended credit to the partnership after inquiries made of commercial agencies as to its members and their financial standing, and McFarland was unwilling to testify that during the earlier years of the partnership he had not given statements to those agencies. Taking into view the whole testimony we cannot say that there was error in directing a verdict for the plaintiffs.

The judgment is affirmed.