———o———

## No. 6339.

## MRS. DOLA E. KREMP vs. EMMA H. DORSEY.

### Syllabus.

When executory process issues on a vendor's lien note signed by a married woman, she has no right to enjoin the writ on the ground that it is not her debt, as it is a suit *in rem* and does not involve the question of her liability.

An administratrix has no right to enjoin executory process against a succession on the ground that there are privileged creditors. It is for the creditors to protect themselves in the manner provided by law.

The holder of a mortgage note may issue executory process notwithstanding the death of the mortgagor.

The sale and re-sale made by a building or homestead association confers the vendor's privilege which is superior to the claim of the widow and minor heirs in necessitous circumstances.

A corporation organized under Act 115 of 1888 is a homestead company.

Under both the commercial law and the Civil Code the maker of a note is discharged by a payment made to the holder of the note.

The converse of the proposition is equally true that no valid payment on account of a note can be made to one not the holder

of the note, whether the holder acquired it before or after maturity.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 108,288. Honorable E. K. Skinner, Judge.

Geo. Montgomery, G. B. Smart, for defendant and appellant.

E. V. Parham, for plaintiff and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff obtained an order for executory process on a note made by defendant as part of the price of real estate she purchased from the Metropolitan Building Company.

The defendant individually and as administratrix of the succession of her husband, Emanuel R. Dorsey, prayed for a "writ of injunction restraining the plaintiff from proceeding further in attempting to sell through executory process the real estate described in her petition," and for judgment perpetuating said injunction. No other relief is asked. The grounds are:

1st. That the note sued on was signed by her during her marriage with Emanuel R. Dorsey and is an obligation of the community.

The suit for executory process is **in rem.**
> 32 A., 249.

There is no attempt to make her liable for the note, so it makes no difference whether it is a debt of the community or not.
> 125 La., 283.

2nd. That there are other obligations due by the community of a privileged character, including her claim for $1,000 as a widow in necessitous circumstances, having a priority over the plaintiffs' claim.

If there are such claims, the plaintiff has no right to champion the claims of other creditors. They can take care of themselves.

**1 H. D., 37, No. 3; 51 A., 126.**

If she is a creditor preferred to the plaintiff, or if there are others having a like preference they may intervene in these proceedings and claim their right of preference.

**1 H. D., p. 668, No. 14; C. P., 396, 401, 403; 126 Sec. 5.**

3rd. That plaintiff acquired the note sued on after maturity and without notice to her.

Plaintiff's right to issue executory process did not depend upon either proposition. Such an allegation, if true, would only enable plaintiff in injunction to set up defenses against the payment of the note, if she had any.

4th. That after the execution of said note there has been paid to the Metropolitan Building Company $560.67 in part payment thereof.

That there was no ground for an injunction. That was only cause for reduction of the writ.

**1 H. D., p. 665, No. 3; 112 La., 451; C. P., 743.**

5th. That this property belongs to the Succession of E. R. Dorsey, which is insolvent, and that she has a right individually and officially to sell the same to pay the debts in course of administration.

If the succession is insolvent she has no interest in the property individually.

**29 A., 397; 48 A., 303, 304.**

If she has no interest in the property she has no right to arrest its sale.

> 3 A., 593; 33 A., 1461; Cefalu vs. Hollowell, No. 6253 C. A.

As administratrix she cannot enjoin the sale of the property. The Supreme Court has decided in numerous cases that the holder of a mortgage note may issue executory process notwithstanding the death of the mortgagor, and even when his succession has been opened, and may proceed in a Court other than the one having jurisdiction of the succession.

> 1 H. D., p. 647, No. 5, 105 La., 772; 45 A., 184; 48 A., 537; 42 A., 118.

6th. That the note sued on is not secured by vendor's privilege. That the note was the result of a sale and resale made for the purpose of securing the Metropolitan Building Company for advances made by it for erecting buildings on the lot described in the petition, by reason of which said company acquired no privilege but only a mortgage.

The facts are that by an act dated January 24th, 1911, Emma H. James and her husband, Emanuel R. Dorsey, sold to the Metropolitan Building Company, the property herein for $200 cash.

Upon the same day the Metropolitan Building Company sold to the defendant, Emma H. James, wife of Emanuel R. Dorsey the same property for $1,625, "including the buildings to be erected thereon," upon the following terms:

Cash, $200, and for the balance $1,425, the purchaser, defendant herein, made a note for the above amount dated the day of the Act, January 24th, 1911, payable at one year after date.

Upon the same date, Jan. 24th, 1911, the, defendant, Emma R. Dorsey, contracted with the Metropolitan Building Company to erect buildings on said lot for the sum of $1,425, represented by vendor's note furnished by Emma R. Dorsey as above stated.

The Metropolitan Building Company was chartered under Act 115 of 1888, p. 177.

The object of the corporation, among others, was to buy real estate, to sell the same, for cash or on credit, to advance funds, to assist in acquiring land and erecting buildings thereon, to construct buildings, and to transfer and re-transfer property for the purpose of obtaining a vendor's lien thereon.

Act 115 of 1888 provides for the incorporation of Building or Homestead Associations. Section 4 of the Act authorizes said associations to purchase from any person real estate improved or unimproved and to sell the same either in the same condition or after building on the same, for cash or for credit; to build on real estate and to make all contracts in connection therewith, provided:

> "That in case any such association shall purchase property from any person, and shall afterwards sell the same property to the same person, then such association shall have the vendor's lien and privilege upon the property so sold, for the security of the payment of the money due by such person * * * even though said agreements be made at one and the same time; and such contract * * * shall not be considered * * * as a loan, but as a sale to the association, and then a resale by the association to the person from whom the association acquired it; and such association, to secure a payment of the amount due by such person, shall have all the rights, privileges and securities which are now accorded by law to the vendor of property."

Act 115 of 1888 was amended by the following acts: Act 120 of 1902, p. 195; Act 159 of 1910, p. 239; Act 214 of 1910, p. 350; Act 292 of 1910, p. 492; Act 244 of 1912, p. 544.

None of these acts are in conflict with, or repeal, the Section 4 of the Act of 1888.

Before the passage of Act 115 of 1888 the legality of such sales conferring a vendor's privilege was recognized by our Supreme Court. **Succession of Latchford, 42 A., 528.** The Act of 1888 and subsequent acts only put the question beyond dispute.

The validity of the Act of 1888 was recognized by our Supreme 'Court in **American Homestead Company vs. Karstendick, 111 La., 884.**

The jurisprudence of this State had been that when it was manifest that a sale and re-sale was made for the purpose of securing a loan by an apparent vendor's privilege, that the reality of the transaction would be ascertained, and the privilege denied.

> 50 A., 1040; 48 A., 1073; 125 La., 281; 120 La., 626, No. 5828 Ct. Appeal.

But the rigor of these decisions seems to have been relaxed in 125 La., 278, and **Pratt vs. Cecelia Sugar Company, 138 La.**

The object of the homestead acts was to sanction, by legislation, what was not formerly so recognized; to grant a privilege where the parties desired to establish one by contract.

So that in this case in truth and in fact the note was secured by vendor's privilege, and was superior in rank to the Widow's Homestead.

> 115 La., 1035; C. C., 3252.

To permit the widow's claim to have priority over plaintiff's note would be assisting her to appropriate the property of the Metropolitan Company without having paid anything for it.

The defendant, however, contends that she has made payments to the Metropolitan Building Company on account of said note for which she is entitled to a credit. This depends upon the date when said payments were made. Under both the commercial law and the Civil Code the maker of a note is discharged by a payment made to the holder of the note.

> I H. D., p. 180, Nos. 1 and 5; C. C., 2145 (2141); 24 A., 464; Act 1904, p. 155, Sec. 51, 74-88; 7 Cyc., p. 1028 (C) Note 44, p. 1033, Sec. 8, Notes 72 and 73, p. 1035, Sec. 12, p. 1037, Note 90; 8 Cyc., p. 66 (C), p. 227 (D).

The converse of the proposition is equally true that the holder of a note is not bound by a payment made on account of the note to any one but himself after he has acquired the note whether before or after maturity.

> 4 A., 526.

The plaintiff acquired possession of the note on February 6th, 1912. She must therefore credit the note by all the payments made by the defendant to the Metropolitan Building Company while it remained in possession of said note. These payments amount to $196.67.

On the other hand, defendant must look to the company for reimbursement of all amounts paid by her to it since February 6th, 1912.

The judgment of the District Court was in favor of the plaintiff, Dola E. Kremp, dismissing the injunction of Emma H. Dorsey absolutely.

This judgment must be amended.

It is therefore ordered that the judgment of the District Court be amended by crediting the mortgage note herein sued on by the payment made of one hundred and ninety-six 67/100 dollars as of date January 30th, 1912, and that the rights of the plaintiff and defendant herein against the Metropolitan Building Company for said payments received by it on said note be reserved, and as thus amended that the judgment herein be affirmed.

'Costs of appeal to be paid by plaintiff, Dola E. Kremp.

Opinion and decree, March 29th, 1915.

Writ denied, October 19th, 1915.

Rehearing refused, May 3rd, 1915.