WILLIAM KAMPS, JOHN E. POPP, HARRY T.
   MONTGOMERY, THOMAS W. MONTGOMERY,
   SALLIE E. MONTGOMERY, ALICE P. DOUGH-
   ERTY AND MILTON J. MONTGOMERY

*vs.*

ALFRED J. ALEXANDER AND MARY ALICE ALEX-
   ANDER, HIS WIFE, STELLA RITTER, IDA BUN-
   NECKE, MILTON JONES, HELEN POPP AND
   THE GREENMOUNT CEMETERY COMPANY,
   A BODY CORPORATE.

*Motion for new trial: no judgment pending a—; Orphans'*
   *Courts; issues from—; no judgment entered. Ap-*
   *peals from questions of law; time for—.*

In ordinary suits at law, a judgment can not be entered
while a motion for a new trial is pending.          p. 199

In the trial of issues from Orphans' Courts, courts of law
do not enter any judgment; and in such cases appeals are
allowed from the determination by the court of law of ques-
tions of law arising during the trial of the issues.        p. 200

Such determination becomes effective and final upon the ren-
dition of the verdict; and the time within which appeals must
be taken begins to run from the date the verdict is rendered.
                                                    p. 200

Where an appeal from such issues was not taken until after
the statutory time for such appeals, the fact that the appellees'
counsel then assisted in the preparation of the bills of excep-
tions does not operate to estop the appellees from objecting that
the appeal was not taken in time.                   p. 201

*Decided June 20th, 1918.*

Appeal from the Baltimore City Court (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Charles F. Harley* submitted a brief for the appellants.

*Clarence A. Tucker* and *Joseph N. Ulman* (with whom were *Chas. H. Knapp* and *Lee I. Hecht* on the brief), for the appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal is by the plaintiffs from a ruling of the Baltimore City Court in the trial of issues from the Orphans' Court of Baltimore City involving the validity of the will of Elizabeth Everett, and the appellees have filed a motion in this Court to dismiss the appeal on the ground that it was not taken within the time prescribed by the statute, and on the further ground that the bill of exceptions was not signed and filed within the time required by law.

Section 6 of Article 5 of the Code provides:

> "All appeals, or writs of error, allowed from any judgment or determination of a court of law, to the Court of Appeals of this State, other than from decisions on questions arising under the insolvent law, shall be taken within two months from the date of such judgment or determination, and not afterwards."

The record in this case shows that the verdict of the jury on the issues involved in this appeal was rendered on the 27th of October, 1917, and that the order for the appeal was not filed until the 6th of February, 1918, more than three months after the date of the verdict.

It appears, however, from the docket entries, that on the day the verdict was rendered the plaintiffs filed a motion for a new trial, and that the motion was not finally disposed of by the Court until the 1st day of February, 1918, and the appellants contend that where a motion for a new trial is filed in due time there can be no appeal until that motion is disposed of. That is the settled rule in ordinary suits at law, where the Court enters a *judgment,* from which *alone* the

appeal may be taken, and where the *judgment cannot be entered* until the motion for a new trial is overruled. But in the trial of issues from Orphans' Courts, courts of law do not enter a judgment, and the appeal is allowed by the statute from the "determination" by the court of law of questions of law arising during the trial of the issues. *Hoppe* v. *Byers,* 60 Md. 381. Such determinations or rulings of the court of law become effective and final upon the rendition of the verdict, and the time within which the appeal must be taken runs from the date the verdict is rendered. A petition for a rehearing after the entry of a decree does not operate to suspend the decree so as to arrest the running of the time in which an appeal must be taken. *Jacobs* v. *Bealmear,* 41 Md. 484. Upon the same principle, a motion to strike out a judgment does not suspend the judgment, nor can a motion for a new trial, after a verdict upon issues from the Orphans' Court, operate to suspend the rulings of the court of law, or the verdict.

Whatever may be the rule in other jurisdictions the precise question was decided by this Court in the case of *Bradley* v. *Bradley,* 123 Md. 506. In that case the verdict of the jury in favor of the defendant on the issues sent from the Orphans' Court was rendered on the 23rd of August, 1913. A motion for a new trial was filed by the plaintiffs on the 25th of August, 1913, and was overruled by the Court on the 12th of November, 1913, and the order for the appeal was filed on December 2nd, 1913. In dismissing the appeal this Court, after referring to the section of the Code quoted above, said: "It is well settled that the Circuit Court has no authority to enter a judgment on a verdict rendered on issues sent from the Orphans' Court; and the appeal in such cases is taken from the determinations and rulings of the Court, in the course of the trial of the issues. * * * In this case, the verdict of the jury was in favor of the appellee on all the issues and was rendered on August 23rd, 1913; there was no appeal taken until the 2nd day of December, 1913; and as this date was not within the time limited by the stat-

ute. for an appeal, but afterwards, the appeal from the rulings or determinations of the Court during a trial below is clearly too late."

It is suggested by the appellants that as counsel for the appellees participated in the argument before the Court below, on the 11th of March, 1918, in regard to what the bill of exceptions should contain, and the Court, at the instance of the appellees' counsel, directed certain evidence to be inserted in the bill of exceptions, the "appellees are too late with their objections." They cite in this connection the case of *Williams* v. *U. S. Fidelity Co.,* 105 Md. 490, and if the suggestion had reference to the motion to dismiss the appeal on the ground that the bill of exceptions was not signed and filed within the time allowed by statute, there would be some force in the contention. But this Court has held that the order for an appeal must be filed, or *"the entry of the appeal must be made within the time limited by the statute,"* and that the filing of a bill of exceptions is not equivalent to the entry of an appeal. *The State, etc.,* v. *Mackall,* 11 G. & J. 456; *Gaines* v. *Lamkin,* 82 Md. 129. The connection of the appellees' counsel with the preparation of the bill of exceptions, relied on by the appellants, and set out in the certificate of the Judge who presided at the trial in the Court below, can not therefore operate to estop the appellees from objecting in this Court that the appeal was not taken in time.

As the appeal must be dismissed on the ground that it was not entered within the time fixed by the statute, it is not necessary to consider the other ground of the appellees' motion.

While we can not dispose of the appeal on its merits, we may add that we have examined the record and do not find any error that would justify a reversal of the ruling of the Court below. The only exception in the case is to the rejection of the plaintiffs' second prayer, and the granting of the defendants' tenth, eleventh and thirteenth prayers. Plaintiffs' second prayer is like the third prayer of the plaintiffs in *Lyon* v. *Townsend,* 124 Md. 163, which this Court said, in that case, should have been granted. But in that case the

Court also rejected the plaintiffs' first prayer, and the effect of the Court's ruling on all the prayers, as noted by JUDGE BURKE in the opinion, was to leave the jury without any satisfactory rule by which "to measure the testatrix's testamentary capacity," or to guide them in determining from all the facts and circumstances of the case whether she had sufficient capacity to make a will. In the case at bar the Court below granted the plaintiffs' first prayer, which is like the plaintiffs' first prayer in *Lyon* v. *Townsend, supra,* and which gave the jury a rule by which to measure, and to guide them in passing upon, the testamentary capacity of the testatrix.

The only objection urged by the appellants to the defendants' tenth, eleventh and thirteenth prayers is that in describing the mental capacity necessary to make a will, instead of following the exact language of the Code, "valid deed or contract," the defendants used the words "valid deed or *ordinary* contract." The same words were employed in the defendants' third prayer in *Lyon* v. *Townsend, supra,* which the Court held should not have been granted. But the prayer was condemned by this Court upon another and entirely distinct ground, and there is nothing in the opinion of the Court to suggest that the prayer was defective because of the language referred to.

We see no objection to the plaintiffs' second prayer, but the record does not indicate that the instruction was of such vital importance to the plaintiffs as to make the refusal of the Court to grant it serious error, and while the defendants' tenth, eleventh and thirteenth prayers would, perhaps, have been more accurate if they had followed the exact language of the Code, in view of the instructions granted we see no such error in the rejection of the second prayer, or in the granting of the defendants' tenth, eleventh and thirteenth prayers, as would warrant a reversal of the ruling appealed from.

*Appeal dismissed, with costs.*