JEROME J. GEBHART *v.* RICHARD P. HILL

[No. 41, October Term, 1947 (Adv.)]

*Decided July 8, 1947.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Argued by *Frederick H. Hennighausen,* with whom
was *John J. Ghinger, Jr.,* on the brief, for appellant.

Court declined to hear argument for appellee, but
*B. Harris Henderson* and *L. Franklin Gerber, Jr.,* ap-
peared on the brief for appellee.

GRASON, J., delivered the opinion of the Court.

The appellant (complainant below) filed a bill of com-
plaint against appellee (defendant below) in the Circuit
Court for Baltimore County, in Equity, in which he
sought a decree declaring the act of the General Assembly
of Maryland passed in 1947, and known as Chapter 13
of the Acts of that year, to be unconstitutional, in that
it contravened certain sections of the Constitution of

this State, and the equal protection clause of the 14th Amendment of the Constitution of the United States.

Appellee, by his guardian *ad litem*, answered the bill, denying that said act violated either the constitution of this State or the 14th Amendment of the Constitution of the United States.

Copies of the proceedings were served on the Attorney General, and that officer adopted the answer of the appellee to the bill of complaint.

The cause proceeded before the chancellor, and after arguments of counsel, and due consideration, the chancellor below, by his decree, denied the relief prayed in the bill and dismissed the same. The appellant appealed from the decree to this court.

The Servicemen's Readjustment Act of 1944, Chapter 268, Public 346, 78th Congress, Second Session, 38 U. S. C. A., sec. 693 *et seq.*, conferred certain benefits to veterans of World War II. Among its provisions the United States government guaranteed mortgages, as provided in the act, executed by veterans in order to enable them to buy a home. This act applies to all veterans, whether over or under the age of 21 years.

Section 2A of Chapter 13 of the Acts of 1947 of the General Assembly of Maryland is as follows: "Any war veteran eligible for the benefits of the Serviceman's Readjustment Act of 1944, and amendments thereto, who is under twenty-one years of age, may, for the purpose of obtaining the benefits of said Act, mortgage real estate owned by him, buy real estate and execute a mortgage to cover the purchase money, or execute a deed for the sale of real estate so purchased, or execute notes or make such other agreements and do such other things as may be necessary to obtain the benefits of the said Serviceman's Readjustment Act, and amendments thereto, in the same manner and with the same effect as though twenty-one years of age. The minor husband or wife of any said war veteran may join in any such deed or mortgage for the purpose of releasing rights of dower

and other rights in the same manner and with the same effect as though twenty-one years of age."

On March 14, 1947, by an agreement duly signed and sealed by the parties, Jerome J. Gebhart (appellant) agreed to sell, and Richard P. Hill (appellee) agreed to buy certain property known as 2603 Yorkway, Dundalk, Baltimore County, Maryland, subject to an annual ground rent of $120. The only question raised as to the legal sufficiency of this contract, is the age of Hill. He is a World War II veteran and is entitled to the benefits of the Servicemen's Readjustment Act of 1944. He is under 21 years of age.

No question is raised as to the constitutionality of the Federal act, but the appellant asserts that the Maryland act is unconstitutional and void. He contends that said act is bad because it confers special privileges on the veterans under 21 years of age, and violates that portion of Section 2 of Article 16 of the Maryland Constitution, which is as follows: "* * * that no measure * * * granting any franchise or special privilege * * * shall be enacted as an emergency law."

The argument is, that the Maryland act confers a "special privilege" on the veterans of World War II, and hence could not be passed by the Legislature as an emergency law. If this act does not confer a "special privilege," it would be free from this constitutional objection.

"The Legislature alone has the power to determine whether such an emergency as is contemplated by that section of the Constitution exists (*Culp v. Commissioners of Chestertown,* 154 Md. 620, 623, 141 A. 410), and its determination of that question is not judicially reviewable."

*Norris v. Mayor and City Council of Baltimore,* 172 Md. 667, 686, 192 A. 531, 539.

A law does not confer a "special privilege" simply because it applies to a given class of citizens. It may well be that a law applicable to all the citizens of the State might work a hardship or injustice to a given class of citizens. The term "special privilege" is not to

be construed so rigidly as to result in injustice to a given class. If such were the case, the Legislature would be without authority to deal justly in enacting laws affecting and applying to a given class. Such laws are not regarded as conferring a "special privilege" if there is a reasonable difference in the facts and circumstances between the class and the other citizens of the State. If there is a reasonable basis, and the law operates equally on all members of the class, it would not be considered as conferring a "special privilege" upon the class concerned. The law would be necessary to prevent an injustice that would result under a law applicable to all citizens. Of course the Legislature has not the power to capriciously or arbitrarily set up a class and confer a "special privilege" in its favor. Such action by the Legislature would be highly arbitrary and unconstitutional. In the case before us, only veterans of World War II participate in the advantages of the Servicemen's Readjustment Act. Citizens generally cannot participate in those advantages. The basic fact here is that veterans under 21 can participate in the advantages of the Federal act, but citizens not veterans cannot participate in those advantages. The act in question was enacted for the purpose of enabling veterans under 21 years of age to participate in the advantages conferred by the Federal act. It is supported by the difference between the class and citizens generally. The members of the class are veterans; other citizens of like age are not veterans. The act is based on a reasonable difference between the class and other citizens of like age, and is not arbitrary. Had the Legislature refused to pass such an act, that class of the World War II veterans under 21 years of age would have been prevented from receiving the benefits of the Federal act. The act, therefore, is based on reason and justice and does not confer a "special privilege" within the meaning of Section 2 of Article 16 of the Constitution of Maryland. This being so, it was perfectly proper for the Legislature to pass the act in question as an emergency law.

It is argued that this act is a special act passed by the General Assembly, because there is an existing general law (Article 16, sections 63 and 64) which authorizes the selling and mortgaging of the property of an infant. Without setting out the sections of the code referred to, it is the opinion of this court that those sections are entirely inadequate to enable the infant veterans to take advantage of the Servicemen's Readjustment Act. There is, therefore, no existing general law, and Chapter 13 of the Acts of 1947 does not violate Section 33 of Article 3 of the Constitution of this State. Neither is it a special law because it covers all of a class and not particular persons in a class. *Prince George's County Com'rs v. Baltimore & O. Railroad Company,* 113 Md. 179, at pages 183, 184, 77 A. 433. The act in question appplies equally and fairly to each member of the class it deals with.

It is also contended that the act in question discriminates against veterans under the age of 21 years because they are not allowed to repudiate contracts made under the act after they become of age. This contention is without force.

And we do not agree with the appellant's contention that the Maryland act violates the equal protection clause of the 14th Amendment of the Constitution of the United States. As previously pointed out, the act is not arbitrary or capricious. The classification provided for in the act is based on a substatnial difference between those to whom it applies and those to whom it does not apply, and it extends to and embraces equally all persons covered by the act.

It is not necessary for us to quote, or even cite, the numerous cases in this State and elsewhere on the questions herein discussed. It is sufficient to say that the following cases support our conclusion: *Williams, Receiver, v. Mayor and City Council of Baltimore,* 289 U. S. 36, 53 S. Ct. 431, 77 L. Ed. 1015. Mr. Justice Cardozo delivered the opinion in that case and reviews therein numerous Maryland decisions. *Norris v. Mayor*

*and City Council of Baltimore, supra; In re Calhoun Motors, Inc.,* D. C., 55 F. Supp. 397.

The Legislature of Arizona passed an act similar to the act in question. Its constitutionality was challenged. That act was declared valid in the case of *Valley National Bank of Phoenix v. Glover et al.,* 62 Ariz. 538, 159 P. 2d 292.

For the reasons given and on the authorities cited, we find that Chapter 13 of the Acts of the General Assembly of Maryland 1947 is constitutional, and the decree of the learned chancellor will be affirmed.

*Decree affirmed, with costs to appellee.*