MARYLAND LUMBER COMPANY *v.* LEGUM

[No. 122, October Term, 1950.]

484

[redacted]

*Decided April 11, 1951.*

*Rehearing denied May 15, 1951.*

[redacted]

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*William Saxon* for the appellant.

*Robert F. Skutch, Jr.* and *Jack C. Merriman,* with whom were *Leonard Weinberg* and *Weinberg & Green* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by The Maryland Lumber Company from a judgment for costs rendered in favor of Harry

S. Legum, appellee. The case was tried before the trial judge without a jury.

Judgment was entered in this case on July 12, 1950. On July 14, 1950, the appellant filed a motion for a judgment *n.o.v.* or in the alternative for a new trial. This motion was denied on September 29, 1950. Appellant filed its order for appeal from the judgment on October 26, 1950. The appellee has filed a motion to dismiss the appeal to this Court because the order for appeal was not filed within thirty days after the date of entry of the final judgment. A motion for a judgment *n.o.v.* has no place in a trial before the court without a jury. *Harris v. Kirshner,* 194 Md. 139, 147, 70 A. 2d 47, 50. Of course, it has been stated many times by this Court that the action of the trial judge in granting or refusing a motion for a new trial is not appealable to this Court. *O'Donnell v. State,* 188 Md. 693, 699, 53 A. 2d 688, 54 A. 2d 315.

Rule 2 of the Court of Appeals provides: "All appeals, or Writs of Error, allowed from any judgment or determination of a Court of Law, to the Court of Appeals of this State, other than from decisions on questions arising under the Insolvent Law, shall be taken within thirty days from the date of such judgment or determination, and not afterwards; and the transcript of the record shall be transmitted to the Court of Appeals within sixty days from the time of the appeal taken, or Writ of Error Allowed." This thirty day rule did not apply to appeals from decisions or determinations or rulings of a court of law in cases of issues sent from the Orphans' Court to a court of law to be tried, to the Court of Appeals until amended by us after *Grant v. Curtin,* 194 Md. 363, 368-369, 71 A. 2d 304, 306.

Appellant claims that when a judgment is entered and then a motion for a new trial is filed, the thirty days within which the appeal shall be taken is suspended and the thirty days should date from the time of the ruling on the motion for the new trial and not from the date of the entry of the judgment. Among other cases, it

relies on the case of *Harris v. Kirshner, supra.* In that case a judgment was entered against Kirshner for $800.00. A motion for a judgment *n.o.v.* or for a new trial was made by Kirshner. The judgment *n.o.v.* was granted and judgment entered in favor of Kirshner for costs, and from that judgment the appellant appealed. Although the appeal to this Court was not entered within thirty days from the date of the original judgment, it was entered within thirty days from the final judgment. The case of *Snyder v. Cearfoss,* 186 Md. 360, 46 A. 2d 607, relied on by the appellant, involved two jury cases. Motions for new trials were filed in each case before judgments were entered and heard on June 23, 1945. On September 14, 1945, the court signed an order granting new trials and from that order the appeals were taken. In that case we held that the action of a trial court in granting a motion for a new trial was not appealable. The appeal in that case was from the order granting the new trial, not from the refusal to strike out the judgment as in the case at bar.

Rule 9 of the Rules of Practice and Procedure, pt. 3, subd. 3, Trial by the Court, (c) Appeal, provides in part: "When a proceeding has been so tried by the court, an appeal from the judgment, if allowed by law, may be taken according to the practice in equity." In the case of *Jacobs v. Bealmear,* 41 Md. 484, at page 486, it was said by this Court: "The decree was passed and filed on the 12th of November, 1873, and the appeal was not taken until the 27th of August, 1874, more than nine months from the date of decree. But it is contended that the petition for a rehearing, which was filed before the expiration of the term during which the decree was passed, suspended it, and that the appeal could not be taken until the petition had been finally acted upon, which was not until August, 1874, when it was dismissed. No authority has been cited to sustain this position, and we do not suppose that any can be found. The rule in equity has been different, and the decree is considered as operative from its date, notwithstanding the filing of

a petition for a rehearing, unless a special order has been passed, before it becomes enrolled, suspending it." In *Heiskell v. Rollins*, 81 Md. 397, 32 A. 249, tried before the trial judge and the jury, a motion was made to dismiss the appeal on the grounds that the appeal was not taken within two months after final judgment, as then required. A verdict in that case was rendered on October 6, 1894, and a judgment on that verdict was entered the same day and on the same day a motion for a new trial was filed. At common law it was encumbent on the plaintiff after the verdict to enter a rule for judgment *nisi causa* and this rule expired in four days. Within the four days the defendant had the right to move for a new trial or arrest of judgment and unless the motion was made within that time the right was gone. This Court pointed out that the final judgment on the verdict should not have been entered until the motion for the new trial was overruled or otherwise disposed of. The Court said in that case that if the judgment had been entered in regular course at the end of the four day period, the Court would have been obliged to dismiss the appeal because it was not taken within two months after judgment was rendered. In *Kamps v. Alexander*, 133 Md. 198, at page 200, 104 A. 427, at page 428, this Court said: "A petition for a rehearing after the entry of a decree does not operate to suspend the decree so as to arrest the running of the time in which an appeal must be taken. *Jacobs v. Bealmear*, 41 Md. 484. Upon the same principle, a motion to strike out a judgment does not suspend the judgment, nor can a motion for a new trial, after a verdict upon issues from the Orphans' Court, operate to suspend the rulings of the court of law, or the verdict." *Hayes v. State*, 141 Md. 280, 118 A. 652; *Riley v. New York, Philadelphia and Norfolk Railroad Co.*, 90 Md. 53, 59, 44 A. 994; *Gaines v. Lamkin*, 82 Md. 129, 33 A. 459; *Poe on Pleading and Practice*, Fifth Edition, Section 824. The appeal must be dismissed.

*Appeal dismissed, with costs.*